```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ENOH A. JOHNSON,                 )
     Plaintiff,                  )
                                 )
          v.                     ) C.A. No. 12-10913-MLW
                                 )
                                 )
THOMAS M. HODGSON, et al.,       )
     Defendant.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                       September 22, 2015

Pro se plaintiff Enoh A. Johnson brings this suit against defendants Thomas M. Hodgson, Todd Martin, Adam Brightman, Robert Perry, Jamie Melo, Herbert Dolingy, George Vose, and Correctional Medical Care, Inc. ("CMC"). Johnson is a citizen of Sierra Leone living in the Commonwealth of Massachusetts. He was detained for an alleged immigration violation at the Bristol County House of Corrections (the "BCHC"), a correctional facility in Massachusetts, from September 22, 2009, until November 17, 2009. Hodgson is the Sheriff of Bristol County, and Martin, Brightman, Vose, and Melo are law enforcement officers who worked at BCHC during Johnson's detention. CMC is a medical services provider that is under contract to provide medical services for inmates at BCHC. Dolingy is a nurse practitioner who worked for CMC and treated Johnson while he was at BCHC.

Johnson alleges, among other things, that the defendants intentionally humiliated him in front of other prisoners and failed

to provide him adequate medical care when he was detained at BCHC, in violation of his constitutional rights. He seeks compensatory damages from the defendants. Hodgson, who is the only defendant to have been properly served by Johnson, moves to dismiss the claims against him.

For the reasons explained below, the court is granting Hodgson's Motion to Dismiss on the grounds that Johnson has failed to state a claim upon which relief can be granted. Furthermore, the court is dismissing Johnson's claims against the remaining defendants without prejudice because he has failed to properly serve process on them as required by Federal Rule of Civil Procedure 4.

I. BACKGROUND

On May 16, 2012, Johnson filed this lawsuit against Hodgson, who is the Sherriff of Bristol County. Johnson is a former detainee of Immigration and Customs Enforcement held in the custody of the Bristol County Sheriff's Office at BCHC from September 22, 2009 to November 17, 2009. He alleged that other officers and employees at BCHC failed to provide him with adequate medical and mental health care, and also assaulted and humiliated him. He claimed that this violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution.

On July 27, 2012, Johnson filed a Motion to Amend the complaint. On March 4, 2013, the court issued a Memorandum and

Order finding that Johnson's original complaint failed to state a claim on which relief may be granted, because it did not allege that Hodgson was personally involved in the incidents that Johnson claimed violated his constitutional rights. See Mar. 4, 2013 Order at 4-5 (Docket No. 8). The court allowed Johnson's Motion to Amend, and ordered him to file an amended complaint by April 19, 2013, if he had a good faith basis to allege facts sufficient to state a claim against Hodgson. Id.

Johnson timely filed an amended complaint. The allegations set forth in the Amended Complaint related primarily to actions of: (1) the driver transporting him to the Bristol County House of Corrections; (2) one of the vehicle drivers who allegedly assaulted him when they reached the Bristol County House of Corrections; (3) the officer who "humiliated and ridiculed" him when he exited the vehicle; (4) the nurse who attended to him on September 22, 2009, (5) the nurse who attended to him on September 30, 2009; and (6) the psychiatrist "who did not do anything to help the Petitioner's [sic] present emergent medical needs." See Amended Complaint at 2-3. However, Johnson once again named only Hodgson as a defendant, and did not serve him with the Amended Complaint.

On November 22, 2013, Johnson filed a Second Motion to Amend his complaint. He stated that the new complaint would add seven additional defendants: Todd Martin, Adam Brightman, Robert Perry, Jamie Melo, Herbert Dolingy, George Vose, and Correctional Medical

3

Care, Inc. ("CMC").  On September 10, 2014, the court allowed the motion to amend and ordered the plaintiff to file the Second Amended Complaint by September 29, 2014.  Because none of the defendants had yet been served, the court also ordered Johnson to serve all defendants and file returns of service by January 12, 2015.

On October 7, 2014, Johnson submitted a Motion for Leave to File Late.  Johnson explained that he did not get the September 10, 2014 Order in a timely fashion, and that he "would like to submit to the court that [he has] somehow filed the same Amended Motion on November 22, 2013."  Attached to the affidavit was the Second Motion to Amend that he submitted on November 22, 2013, and that the court had already allowed on September 10, 2014.  On October 22, 2014, the court allowed the Motion for Leave to File Late, and ordered Johnson to file the Second Amended Complaint. Johnson has not filed a Second Amended Complaint.

On January 8, 2015, Johnson filed seven returns of service, and on January 16, 2015, he filed an eighth.  The returns of service indicate that United States Marshals served process on defendants Hodgson, Perry, and Melo.  However, the remaining defendants that Johnson proposed to add in a Second Amended Complaint, CMC, Brightman, Martin, and Vose, were not served. According to the returns of service, these defendants no longer worked at BCHC and their whereabouts were not known.

4

On January 12, 2015, Hodgson filed a Motion to Dismiss Johnson's claims against him for three reasons. First, he argues that the court should dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) because Johnson has repeatedly failed to comply with court orders. Second, he asserts that the court should dismiss the case under Federal Rule of Civil Procedure 12(b)(5) because Johnson has not served him with any complaint. Finally, he contends that, even if the court treats the Second Motion to Amend as a complaint, it fails to state any claim against him.

Johnson has opposed that motion. He does not address the defendant's arguments. Instead, he argues that the court should order the defendants to provide him with video surveillance footage of an alleged assault on him.

II. HODGSON'S MOTION TO DISMISS

As explained earlier, Hodgson argues that the court should dismiss Johnson's claims against him on three grounds. The court finds that Hodgson's procedural arguments, relating to Johnson's failure to comply with court orders or to properly serve Hodgson, are unmeritorious. However, the court finds that Johnson has failed to state a claim against Hodgson. It is, therefore, allowing Hodgson's Motion to Dismiss.

    A.  <u>Failure to Comply with Court Orders</u>

Hodgson argues that the court should dismiss Johnson's claims because he has failed to obey court orders. Specifically, Johnson

5

has failed to submit a Second Amended Complaint even though he was twice ordered to do so by the court.

"[T]he inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by Rule 41(b)." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002). Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Courts are given "considerable leeway" in exercising their "authority to punish laggardly or noncompliant litigations." Chamorro, 303 F.3d at 4.

Dismissal under 41(b) is a harsh sanction and should only be employed when the plaintiff's conduct is "extreme." Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc., 848 F.2d 315, 317 (1st Cir. 1988). "[E]xtreme misconduct comes in many shapes and forms, ranging from protracted foot-dragging to defiance of court orders to ignoring warnings to other aggravating circumstances. . . . A classic form of aggravating circumstance is a wasteful expenditure of the court's time." Chamorro, 304 F.3d at 4-5. A district court is justified in dismissing a case

where a party failed to comply with case management orders in spite of being warned of possible dismissal.  Id. at 5.

The court finds that the plaintiff has disobeyed court orders by failing to submit a Second Amended Complaint.  However, the court also finds that plaintiff has attempted to comply with the court's orders in good faith.

The plaintiff is proceeding pro se.  Therefore, his submissions are "to be liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The Second Motion to Amend is substantially similar to a complaint.  It names the defendants and sets forth the plaintiff's factual allegations and the legal bases for his claim.  The plaintiff appears to have intended it to serve as his complaint.  When ordered to file a Second Amended Complaint, he refiled the Second Motion to Amend.  Therefore, the court finds that Johnson has attempted to comply with its orders in good faith and sanctions are not appropriate.  The court will construe the Second Motion to Amend liberally and treat it as the operative complaint in this case.

### B.  Service of Process

Hodgson argues that the plaintiff did not properly serve process on any of the defendants.  He urges the court to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(5).

7

Federal Rule of Civil Procedure 12(b)(5) permits motions to dismiss based on "insufficient service of process" and requires this defense to be raised by motion before a responsive pleading is filed. The burden of proof to establish proper service of process following a motion to dismiss pursuant to Rule 12(b)(5) is on the plaintiff. See Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 822 n.2 (1st Cir. 1986). "A return of service generally serves as prima facie evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008).

Federal Rule of Civil Procedure 4 governs service of process. It requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

Failure to make service in accordance with the requirements of Rule 4 permits dismissal under Rule 12(b)(5). Id. However, failure to make proper service is not automatically grounds for dismissal. Rule 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 120 days after the Complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

Hodgson has submitted an affidavit of counsel, which states that he was served with a Second Motion to Amend, but no complaint. See Mot. to Dismiss, Ex. A ¶¶8-9. Hodgson argues that the court

8

should dismiss the claims against him because he was not served with a Second Amended Complaint or with any other complaint. As explained earlier, the court is treating the Section Motion to Amend as a complaint. Hodgson has responded to the merits of the allegations in the Second Motion to Amend. Therefore, the court finds that the service on Hodgson substantially complied with Rule 4 and is not dismissing the claims against him for insufficient service of process.

    C.  Failure to State a Claim

Finally, Hodgson argues that the Second Motion to Amend fails to state a claim against him. This argument is meritorious because Johnson's allegations against Hodgson rely on the theory of respondeat superior, which is not available for claims under §1983.

    1.  Legal Standards

        a.  Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets." In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008);

9

see also Penalbert-Roia v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011). However, "[n]on-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (2011).

A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief." Twombly, 550 U.S. at 559. That is, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Id. (quoting Twombly, 550 U.S. 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557). "The relevant inquiry focuses on the reasonableness of the inferences of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernandez, 640 F.3d at 13.

In considering a motion to dismiss under Rule 12(b)(6), the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Marao Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007); Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009).  The court "neither weighs the evidence nor rules on the merits because the issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims."  Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996).  When a plaintiff is proceeding pro se, and the allegations in his complaint are "to be liberally construed." Erickson, 551 U.S. at 94 (2007) (quoting Estelle, 429 U.S. at 106).

>   b.  Section 1983

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that a right secured to him by the Constitution or by the laws of the United States was violated by a person acting under color of state law.  See 42 U.S.C. §1983.

Under §1983, a plaintiff may sue a prison officials for money damages in his individual capacity.  However, §1983 dose not impose liability on a defendant solely because his subordinates violated the plaintiff's rights.  As the First Circuit has explained:

> [Under §1983,] supervisory liability cannot be predicated on a respondeat superior theory. Barreto-Rivera v. Medina–Vargas, 168 F.3d 42, 48 (1st Cir.1999). Supervisors may only be held liable under §1983 on the basis of their own acts or omissions. Id. Supervisory

11

> liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization. See Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir.1999). Absent direct participation, a supervisor may only be held liable where "(1) the behavior of [his] subordinates results in a constitutional violation and (2) the [supervisor's] action or inaction was 'affirmatively link[ed]' to the behavior in the sense that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence . . . amounting to deliberate indifference.'" Hegarty v. Somerset County, 53 F.3d 1367, 1379-80 (1st Cir.1995) (quoting Lipsett v. Univ. of Puerto Rico, 864 F.2d 881, 902-03 (1st Cir.1988)).

Whitfield v. Melendez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005) (emphasis, omission, and alterations in original).

In addition, a plaintiff may sue a municipality for money damages under §1983 by suing a municipal officer in his official capacity. However, municipal liability cannot be based on a theory of respondeat superior either. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Rather, municipal liability must be based on proof of a municipal policy, practice, or decision of a final municipal policymaker that violated the plaintiff's federal rights. See id. at 694.

### c. Fourteenth Amendment

The Fourteenth Amendment's "Due Process Clause protects a pretrial detainee from the uses of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To establish a violation of this right, a detainee must show that the

12

defendant "deliberate[ly]—i.e. purposeful[ly] or knowing[ly]"— used force against him that was "objectively unreasonable." See Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Similarly, the Fourteenth Amendment protects detainees from humiliation and "harassment unrelated to prison needs" at the hands of prison officials. Courtney v. Devore, 595 Fed. App'x 618, 619 (7th Cir. 2014) (quoting Hudson v. Palmer, 468 U.S. 517, 530 (1984)). However, to be liable the prison official must have played a role in, or knowingly facilitated, the humiliating or harassing conduct. See id. at 620.

The Fourteenth Amendment also requires that prison officials provide adequate medical care to pretrial detainees. See Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007). "Generally, the standard applied under the Fourteenth Amendment is the same as the Eighth Amendment standard." Id. The Eighth Amendment requires that "prison officials must ensure that inmates receive adequate . . . medical care." Farmer, 511 U.S. at 832. However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. "[T]o prove an Eighth Amendment violation, a prisoner must satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate

13

indifference to that need." <u>Kosilek v. Spencer</u>, 774 F.3d 63, 82 (1st Cir. 2014) (en banc).

### 2. <u>Allegations in the Second Motion to Amend</u>

As explained earlier, the court is treating Johnson's Second Motion to Amend as a complaint. In his Second Motion to Amend, Johnson makes the following allegations.

On September 22, 2009, Johnson was being transported to the BCHC by the Bristol County Sheriff's Office (the "Sherriff's Office"). SMTA at 4. Deputies Todd Martin and Adam Brightman were driving the transport vehicle recklessly. <u>Id.</u> The vehicle crashed and Johnson suffered injuries. <u>Id.</u>

Upon arriving at BCHC the same day, Johnson exited the vehicle and "entered into contact" with Deputy Brightman. <u>Id.</u> at 5. This contact caused Johnson's pants to fall to the floor, "revealing his private parts." <u>Id.</u> Deputy Brightman noticed that Johnson's pants had fell and rallied everyone in the area to laugh at Johnson's "exposed genitalia." <u>Id.</u>

Johnson was then taken to the BCHC medical wing, where he was evaluated by a nurse practitioner, Herbert Dolingy. Dolingy was employed by CMC. <u>Id.</u> at 5. During the examination, Johnson told Dolingy of his history of chronic mental illness and depression, and that he was taking a drug called Paxil to treat his mood disorder. <u>Id.</u> at 6. Johnson expressed concern that Paxil was not the proper medication for him. <u>Id.</u> He also signed a release

14

allowing the CMC medical personnel to retrieve his mental health records from other institutions.  Id.

On September 30, 2009, Johnson met with Dolingy again. Johnson told Dolingy about painful injuries that he suffered when he was transported to BCHC.  Id.  Dolingy did not provide plaintiff with medical treatment during the time that he was at BCHC, which was September 22, 2009 until November 18, 2009.  Id.

Johnson subsequently met with a psychiatrist.  He disclosed his history of mental illness and told the psychiatrist that he had not been receiving his medications.  Id.  The psychiatrist ignored his request.  Id.

Johnson also alleges that he filed two complaints arising out of these incidents.  On September 27, 2009, Johnson filed a complaint with the Sheriff's Office, claiming that BCHC failed to provide him adequate mental health care.  Id. at 5.  On October 1, 2009, he filed an inmate grievance form with the Sheriff's Office regarding the incident with Deputy Brightman.  Id. at 5.

Hodgson is the Sheriff of BCHC and is the final decisionmaker for the facility.  Id. at 7.  He is responsible for overseeing the medical treatment of inmates at the facility.  Id. Johnson claims, pursuant to 42 U.S.C. §1983, that Hodgson violated his federal rights.[1]  He seeks compensatory damages.

---

[1] Johnson also asserts a claim pursuant to the United Nations Convention Against Torture (the "UNCAT").  The UNCAT "criminalizes

15

3.  <u>Analysis</u>

Johnson alleges two possible violations of his constitutional rights.  First, he alleges that he was assaulted by defendant Brightman, who then mocked him while he was exposed.  This type of humiliating conduct unrelated to prison needs could violate Johnson's Fourteenth Amendment rights.  <u>See</u> <u>Courtney</u>, 595 Fed. App'x at 619.  Second, he alleges that he was denied adequate medical care by BCHC staff.  If a prison official was deliberately indifferent to Johnson's serious medical need, it would violate his Fourteenth Amendment rights.  <u>Kosilek</u>, 774 F.3d at 82.

The court is now only considering whether Johnson has stated a claim for money damages against Hodgson individually under §1983.  Johnson does not state whether he is suing Hodgson in his individual capacity or in his official capacity as Sheriff of Bristol County.  The court is, therefore, analyzing both possible claims.

In order to state a claim against Hodgson in his individual capacity, Johnson must allege facts that allow for a plausible inference that Hodgson directly participated in the violation of his constitutional right, or that Hodgson's "action or inaction was affirmatively linked" to the alleged humiliating assault on

---

torture outside the United States" but does "not provide civil redress for torture within the United States."  <u>Renkel v. United States</u>, 456 F.3d 640, 644-45 (6th Cir. 2006).

16

Johnson or provision of inadequate medical care. See Whitfield, 431 F.3d at 14. (1st Cir. 2005). The only allegation concerning Hodgson is that he is the final decisionmaker in charge of BCHC, and that he has the duty to oversee medical care for the facility. There is no allegation that he participated in the alleged assault on Johnson, that he directed his subordinates to perform it, or that he was aware that it would happen and did not take steps to stop it. Similarly, there is no allegation that he participated in or ratified the medical professional's treatment decisions for Johnson, or otherwise had any role in Johnson's medical treatment. Therefore, Johnson attempts to place liability on Hodgson in his individual capacity for the acts of his subordinates without alleging that he was aware that the acts were taking place. Because §1983 does not impose respondeat superior liability on defendants sued in their individual capacity, Johnson has failed to state a claim against Hodgson in his individual capacity. See Whitfield, 431 F.3d at 14.

Johnson has also failed to state a claim against Hodgson in his official capacity. If the Bristol County Sheriff's Office is a municipality, then a suit against Hodgson in his official capacity operates as a suit against the municipality. See Monell, 436 U.S. at 690 n.55. However, Johnson does not claim that the defendants who allegedly humiliated him or denied him medical care were acting pursuant to a municipal policy, practice, or decision

17

of a final municipal policymaker. Accordingly, he has failed to state a claim against Hodgson in his official capacity. See id. at 694; see also March 4, 2013 Memorandum and Order at 5 ("[T]he current complaint does not allege facts sufficient to state a plausible claim that any violation of plaintiff's rights under federal law were caused by an official custom or policy.").

In view of the foregoing, the court finds that Johnson has failed to state a claim against Hodgson in either his individual or official capacity. Therefore, the court is granting Hodgson's Motion to Dismiss because Johnson's allegations fail to state a claim against for which §1983 would provide a remedy.

III.  FAILURE TO SERVE THE NEWLY ADDED DEFENDANTS

The requirements regarding service of process that Federal Rule of Civil Procedure 4 imposes on plaintiffs have been previously described. Rule 4(m) allows the court to dismiss a plaintiff's complaint without prejudice if he fails to serve a defendant within 120 days after the complaint is filed unless the plaintiff shows good cause for the failure.

The returns of service filed by Johnson indicate that he has not served defendants CMC, Dolingy, Brightman, Martin, and Vose. He had 120 days to serve them from October 22, 2014, the date that the court allowed his motion for leave to file an amended complaint late. The time to serve these defendants expired many months ago. Johnson has not explained why he did not serve these defendants.

Nor has he asked for an extension of time to serve them. The court is, therefore, dismissing the claims against defendants CMC, Dolingy, Brightman, Martin, and Vose without prejudice. <u>See</u> Fed R. Civ. P. 4(m).

The returns of service filed by Johnson indicate that he served process on Perry and Melo. However, Hodgson's Affidavit of Counsel states that each of these defendants was served with a copy of the summons issued for Hodgson and a copy of plaintiff's Second Motion to Amend. <u>See</u> Mot. to Dismiss, Ex. A ¶¶8-9. Neither received a summons naming him as a party to the case. <u>Id.</u> Johnson does not contest this characterization of what Perry and Melo received.

Given the undisputed evidence currently before the court, the service of process on Perry and Melo was not adequate. Federal Rule of Civil Procedure 4(a)(1) requires that a summons must "be directed to the defendant" and "name the court and the parties." This requirement is important because the summons informs the defendant that he is being sued and requires him to respond to the complaint within a fixed time period. The court finds that Perry and Melo have not received service of process that complies with Rule 4. The 120-day period to serve Perry and Melo has also expired. Because the plaintiff has not requested more time to serve these defendants or shown good cause for the failure to

19

properly serve them, the claims against them are being dismissed without prejudice. See Fed. R. Civ. P. 4(m).

In view of the foregoing, the court is dismissing Johnson's claims against defendants Perry, Melo, Dolingy, CMC, Brightman, Martin, and Vose for failure to properly serve them pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5).

IV. ORDER

Accordingly, it is hereby ORDERED that:

1.  Defendant Hodgson's Motion to Dismiss is ALLOWED and the claims against him are DISMISSED.

2.  The claims against defendants Perry, Melo, Dolingy, CMC, Brightman, Martin, and Vose are DISMISSED without prejudice.

                                    /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE